Green, J.,
delivered the opinion of the court.
The petition for certiorari in this cqse, states, that the petitioner, George W. Sharp, and one William Hill, became sureties for Richard Hill, in a note for eighty-nine dollars, payable to the defendant in error, M. D. Embry — that suit was brought on said note before a justice of the peace, and judgment recovered against said Sharp and William Hill, the sureties— Richard Hill not having been served with process — and that one Michael Williams became security for the stay of execution, at the instance of said William Hill, without the procurement of petitioner. An execution has been issued and levied on the property of petitioner, notwithstanding said Williams, the stayor is entirely solvent, and able to pay the same.
After the return of the certiorari, a motion was made to dismiss the same, which was done, and a procedendo awarded to the justice of the peace.
The only question is, whether this case falls within the provisions of the act of 1842, ch. 136, § 1. That act provides in substance, that where any person may be security for any debtor, and such debtor and security may be sued, and judg *255 ment rendered again?! them — if any person shall stay the same, such person staying, shall be liable, in default of the principal debtor, to pay the debt, and the original security shall be exonerated therefrom, unless the debtor and security in the replevy shall both become insolvent; or, unless such original security shall have specially joined with such debtor in procuring such stayor.
We do not think the present case comes within the spirit of this law; certainly it is not within its letter. The law provides for a case, where a principal debtor and his surety are sued, and a third party, at the instance of the principal debtor, without the procurement of the surety, becomes bound for the stay of execution, such stayor shall be liable before such original surety.
But in the present case, it is not a judgment against a debtor and his surety, but a judgment against two co-sureties, and therefore it is not a case within the act. The parties against whom the original judgment was rendered, Avere co-sureties for Richard Hill. They were, as such sureties, equally liable; so that if either were to pay the debt, he would be entitled to contribution from the other.
There can be no reason, therefore, for the law to make the surety for the stay in such a case, liable before a principal in the judgment.
In the case of a suit against a debtor and his surety, the principal debtor would be liable for the whole amount, and by procuring a stay of execution, without the consent of the surety, he might postpone the issuance of an execution until he became insolvent, when the whole debt would fall on the original surety. To pre\rent this the law provides, that the stayor is surety only for the principal debtor, if he alone procured him to become bound.
We think there is no error in the record, and affirm the judgment.